One may recognize the tax-avoidance concern underlying the Court's opinion in *Davis* [7] without concluding that the only remedy with respect to closely held corporations is "always" to tax stock redemptions as dividends without regard to facts and circumstances. It may indeed have been reasonable to create a rebuttable presumption in favor of the Government, but it is difficult to see a justification for a result as harsh and inequitable as that often produced by the *Davis* rule. Moreover, if Congress' purpose was to enact the *Davis per se* rule, it could have been expressed in the simplest language. [8] As the Court notes in *Davis*, the Senate Finance Committee deliberately chose not to take that option. *Id.*, at 310–311.

In my view the *Davis* rule, often a trap for unwary investors in small businesses and facially contrary to the relevant Code provision, should be reconsidered.

No. 73–134. COLE *v.* TENNESSEE. Ct. Crim. App. Tenn. Motion to dispense with printing petition

---

[7] See B. Bittker & J. Eustice, Federal Income Taxation of Corporations and Shareholders 9–2 (3d ed. 1971).

[8] It has been suggested that since *Davis* was decided March 23, 1970, Congress has had more than three years to repudiate or ameliorate the *Davis per se* rule. With all respect, this suggestion seems unrealistic. Congress has had under consideration during this period a general revision of the Code as well as a broad re-examination of many of the fundamental assumptions underlying the present Code. It is unlikely that piecemeal adjustments would have been made during this period of study and re-examination. Furthermore, the *Davis* rule falls most heavily on small family corporations unlikely to have specialized tax counsel capable of warning that *Davis* has converted § 302.(b)(1) into "a treacherous route to be employed only as a last resort." B. Bittker & J. Eustice, *supra* n. 7, at 9–9. It is these very corporations that are least likely to make their voices heard in Congress, since they have limited "lobbying" capabilities.

granted. Certiorari denied. MR. JUSTICE DOUGLAS would grant certiorari.

No. 73–142. COLE *v.* TENNESSEE. Ct. Crim. App. Tenn. Motion to dispense with printing petition granted. Certiorari denied.

No. 73–199. ANDRUS ET AL. *v.* CONVOY CO. ET AL. C. A. 9th Cir. Certiorari denied. MR. JUSTICE STEWART would grant certiorari.

No. 73–236. NEW JERSEY CITIZENS FOR CLEAN AIR, INC., ET AL. *v.* NEW JERSEY SPORTS & EXPOSITION AUTHORITY. Sup. Ct. N. J. Certiorari denied. MR. JUSTICE DOUGLAS and MR. JUSTICE BRENNAN took no part in the consideration or decision of this petition.

No. 73–5206. GELB *v.* FEDERAL COMMUNICATIONS COMMISSION ET AL. C. A. D. C. Cir. Certiorari denied. MR. JUSTICE POWELL took no part in the consideration or decision of this petition.

No. 27, Orig. OHIO *v.* KENTUCKY, 410 U. S. 641. Motion for leave to file petition for rehearing as to denial of State of Ohio for leave to amend its original complaint denied.

No. 71–1270. McKEE *v.* UNITED STATES, 407 U. S. 910. Motion for leave to file fourth petition for rehearing denied. [For earlier orders herein, see *e. g.,* 412 U. S. 914.]

OCTOBER 29, 1973

No. 73–15. COMMUNICATIONS SATELLITE CORP. ET AL. *v.* SHANNON. Sup. Jud. Ct. Me. Petition for writ of